# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **Glynndeavin von Fox,** ) | Case No. 2:16-cv-182-RMG-MGB |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Seaton Law Firm, et al,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

Pending is the *pro se* Plaintiff's "Motion for Leave to Proceed *in forma pauperis*" ("IFP"). (DE# 3). In the tenth of many civil actions Plaintiff recently filed in this Court, Plaintiff sues the Seaton Law Firm, Grover Seaton (attorney), BJ Bilton (paralegal) and Rachel McKain (attorney).[1] Pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Pursuant to Local Civil Rule 73.02(B)(2) (D.S.C.), the Magistrate Judge is authorized to review the complaint and to submit findings and recommendations to the District Judge.[2] Upon review, the Magistrate Judge recommends that the Plaintiff's motion to proceed IFP be **denied** and that the case be **summarily dismissed** for the following reasons:

## I.  Relevant Law

### A. Liberal Construction for *Pro se* filings

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v.*

---

[1] See D.S.C. Case Nos. 2:16-cv-98; 2:16-cv-106; 2:16-cv-131; 2:16-cv-132; 2:16-cv-136; 2:16-cv-179; 2:16-cv-180; 2:16-cv-181; 2:16-cv-182; 2:16-cv-183; 2:16-cv-184; 185; 2:16-cv-186; 2:16-cv-197; 2:16-cv-188; 2:16-cv-209; 2:16-cv-225; 2:16-cv-227; 2:16-cv-228; 2:16-cv-394.

[2] The Fourth Circuit Court of Appeals recently held that an order denying leave to proceed IFP is the "functional equivalent" of a dismissal, and thus, is outside the scope of a magistrate's authority. *Hunter v. Roventini*, 617 F. App'x 225, 226 (4th Cir. 2015) (unpublished).

*Rowe*, 449 U.S. 5 (1980) (per curiam). ). The liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### B. Applications to Proceed IFP

A plaintiff may pursue a civil action in federal court without prepayment of the filing fee if he submits an affidavit containing a statement of his assets and demonstrates that he cannot afford to pay the required filing fee. 28 U.S.C. § 1915(a)(1). The purpose of the IFP statute is to assure that indigent persons have equal access to the judicial system by allowing them to proceed without having to pay the filing fee. *Flint v. Haynes*, 651 F.2d 970, 973 (4th Cir.1981), *cert. denied*, 454 U.S. 1151 (1982). A plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. Du Pont de Nemours & Co*., 335 U .S. 331, 339 (1948).

An affidavit to proceed IFP is sufficient if it states facts indicating that the plaintiff cannot afford to pay the filing fee. *Adkins*, 335 U.S. at 339. If a court determines at any time that the allegation of poverty in an IFP application is not true, then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A); *and see, e.g., Justice v. Granville Cty. Bd. of Educ.,* 2012 WL 1801949 (E.D.N.C. May 17, 2012) ("dismissal is mandatory if the court concludes that an applicant's allegation of poverty is untrue"), *affirmed by*, 479 F. App'x 451 (4th Cir. Oct. 1, 2012), *cert. denied*, 133 S.Ct. 1657 (2013); *Berry v. Locke*, 2009 WL 1587315, *5 (E.D.Va. June 5, 2009) ("Even if Berry's misstatements were made in good faith, her case is subject to dismissal because

her allegation of poverty was untrue"), *appeal dismissed*, 357 F. App'x 513 (4th Cir. 2009).  Prior to statutory amendment in 1996, courts had discretion to dismiss a case if it determined that an allegation of poverty was untrue. *See Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The 1996 amendment changed the words "may dismiss" to "shall dismiss." Mandatory dismissal is now the majority view, and district courts in the Fourth Circuit have adhered to the majority view. *See, e.g., Justice*, 2012 WL 1801949, *6 n.5; *Staten v. Tekelec*, 2011 WL 2358221, *1 (E.D.N.C. June 9, 2011); *Berry*, 2009 WL 1587315, *5.

## II. Discussion

### A. IFP Not Warranted

In his IFP motion dated January 15, 2016, Plaintiff indicates that he is employed by "Fox Consulting Firm, LLC" and that his "take-home pay or wages" are $1,200.00 monthly. (DE# 3, ¶ 2). On the printed form, he checks boxes indicating that in the past 12 months, he has received income from (a) business, profession, or other self-employment; (b) rent payments, interest, or dividends; (d) disability or worker's compensation payments; and (e) gifts or inheritances. (*Id*. ¶ 3). He did not check boxes (c) and (f). Plaintiff explains that the amount he received for (a) was $50.00; (b) $1,200.00; (d) $1,200.00; and (e) $500.00. (*Id*.). He indicates that he has $700.00 in his bank account. (*Id*. ¶ 4).[3] Plaintiff also indicates he has assets valued at $140,000.00. (*Id*. ¶ 5).

Plaintiff indicates he has no expenses for "housing, transportation, utilities, or loan payments, or other regular monthly expenses" and no debts or other financial obligations. (*Id.* ¶¶

---

[3] In the many cases filed by Plaintiff in this Court so far in 2016, his different IFP motions indicate bank account balances between $1,000.00 and $300.00.  The Court may properly take judicial notice of such records. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("the most frequent use of judicial notice is in noticing the content of court records"). Additionally, the Court takes judicial notice of the fact that Plaintiff has filed numerous cases in the state courts, which have also denied him permission to proceed IFP and summarily dismissed the cases. *See, e.g.,* Charleston County Circuit Court Case Nos. 2016CP1000297; 2016CP1000320; 2016CP1000321; 2016CP1000322; 2016CP1000352; 2016CP1000515; 2016CP1000516.

6, 8). Plaintiff indicates he has monthly income of $1,200.00, assets of $140,000.00, and no debts, which suggests that he has the ability to pay the filing fee in this case. *See Justice,* 2012 WL 1801949, *3 (denying IFP status where plaintiff indicated he owned real and personal property with a total value of $113,500.00 because "the benefit of filing IFP was not intended to allow individuals with significant real and personal property interests to avoid paying a filing fee of $350.00 in each case"). Based on the record presently before the Court, it appears that Plaintiff can pay the filing fee in this case. (*Id.* at *5, "the court does not agree that plaintiff is actually impoverished," thus denying IFP status and dismissing four civil lawsuits by the same *pro se* plaintiff). This case should therefore be dismissed. 28 U.S.C. § 1915(e)(2)(A); *see also Thomas v. GMAC*, 288 F.3d 305, 306 (7th Cir.2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice."); *Justice,* 2012 WL 1801949 at *6 n. 5.[4] *See, e.g., Cabbil v. United States*, Case No. 1:14-cv-04122-JMC-PJG, 2015 WL 6905072, *1 (summarily dismissing without prejudice; plaintiff was not entitled to proceed IFP); *Willingham v. Cline*, 2013 WL 4774789 (W.D.N.C. Sept. 5, 2013) (same).

### B. The Complaint Fails to State a Basis for Subject Matter Jurisdiction, Fails to State a Claim, and is Legally and Factually Frivolous

In addition to not being entitled to proceed IFP, Plaintiff has filed a Complaint that lacks any basis for federal jurisdiction, fails to state a claim against the defendant, and is factually and legally frivolous.

---

[4] When denying leave to proceed IFP, the dismissal may be with or without prejudice, in the court's discretion. See *Staten*, 2011 WL 2358221, *2 (indicating that dismissal with prejudice "for an untrue allegation of poverty … is appropriate only when the applicant intentionally misrepresented his … financial condition, acted with bad faith, and/or engaged in manipulative tactics or litigiousness"); *Berry*, 2009 WL 1587315, *5 (same, citing *Thomas*, 288 F.3d at 306-308); *In re Sekendur*, 144 F. App'x at 555 (7th Cir. 2005) ("a court faced with a false affidavit of poverty may dismiss with prejudice in its discretion"). While Plaintiff appears "litigious," the record does not establish that Plaintiff "intentionally misrepresented his financial condition." Rather, the facts in his affidavit simply do not indicate that he is entitled to proceed IFP. Hence, dismissal without prejudice is appropriate.

Plaintiff's Complaint is devoid of any facts or allegations that would suggest any basis for federal question jurisdiction or federal diversity jurisdiction. See 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). A federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Id.* at 352; *see also Carter v. Ervin*, Case No. 0:14–cv–00865–TLW-PJG, 2014 WL 2468351, *3 (D.S.C.) ("the court possesses the inherent authority to ensure that … federal jurisdiction exists"), *appeal dismissed*, 585 F.App'x 98 (4th Cir. 2014); *see also* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Complaint does not mention any pertinent federal law, and the factual allegations of the Complaint reflect that this matter is not one that "aris[es] under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331.

In his own words, Plaintiff alleges three "issues" with the Grover "Beau" Seaton Law Firm, as follows: 1) "Rachel McKain, Esq. repeatedly said to me, "We have jurisdiction to hear cases from foreign countries in the United States of America. This is something that I have never been taught … I was switched to Grover "Beau" Seaton after Rachel McKain either refused to represent me or decided to leave the law firm, and I was never given an explanation as to why she left the case;" 2) "The second issue that I have with Grover "Beau" Seaton is with his constant referral to Tokyo, Japan. I know that I said in the agreement hearing of the Berkeley County Family Court, that I was in compliance …. He also promised me he would get arrearages for double child support, which never occurred, and is the reason that I terminated his services…;"  and  3) "The last and biggest issue that I have with Grover "Beau" Seaton is with his paralegal BJ Bilton …. I was

repeatedly blocked from gaining an appointment with Grover…We constantly got into arguments…I have numerous letters stating that my name is Glynndeavin Non Fox." (DE# 1 at 4-5).

Even if Plaintiff's Complaint is liberally construed as attempting to sue these individuals under 42 U.S.C. § 1983, such claims would be subject to summary dismissal because private conduct is not actionable under § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). Private activity is generally not "state action." *DeBauche v. Trani*, 191 F.3d 499, 506-07 (4th Cir. 1999). The defendants were not acting under color of state law. *See Asbury v. Tartarsky*, Case No. 8:13–cv–3364–RMG, 2015 WL 1120081, *4 n.5 (D.S.C.) (observing that "the under-color-of-state-law element …reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments"), *aff'd by* 616 F.App'x 71 (4th Cir. 2015).

Moreover, Plaintiff's allegations concern trivial matters that are entirely frivolous. Plaintiff cannot sue a lawyer simply because he disagrees with the lawyer's professional judgment about a matter of jurisdiction. His arguments with a paralegal are also unavailing. Even if true, being "blocked" from an appointment is not grounds for a lawsuit in federal court. Plaintiff's allegation that his name was misspelled as "Non Fox" is also trivial, and again, is not grounds for a lawsuit here. In sum, the Complaint's allegations are illogical, nonsensical, and appear to be the "ramblings of a troubled mind." *See, e.g., Arledge v. Hall,* 2006 WL 1518915, *1 (S.D.Ga. May 31, 2006) ("these various complaints are utterly fanciful and are clearly the product of a troubled mind that is … having difficulty grappling with reality").

To the extent that Plaintiff may be attempting to assert a state tort claim of legal malpractice, this Court lacks diversity jurisdiction to consider such claim here. The parties all

appear to be South Carolina citizens. Under 28 U.S.C. § 1332, diversity of the parties must be complete "such that the state of citizenship of each plaintiff must be different from that of each defendant." *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 432-33 (4th Cir. (W.Va.),2014) (quoting Athena Automotive, Inc. v. DiGregorio, 166 F.3d 288, 290 (4th Cir.1999))

Finally, the *pro se* Plaintiff also seeks relief that is not available or appropriate. (DE# 1 at 7, "What I Would Like the Court to Do"). For example, he indicates he would like "the Court to prosecute the issue, and open an investigation with the Federal Bureau of Investigation…." This Court hears cases, it does not "prosecute" parties on behalf of another party, nor does it "open investigations" at federal agencies in the executive branch of the federal government. Plaintiff miscomprehends the function of the Court. Finally, Plaintiff indicates that "I would like to be awarded 6.1 Million in real estate property in the Battery Neighborhood of downtown Charleston, SC, or stock in Ford Motor Company." (*Id*.). This Court does not award "real estate" or "stock" as damages.

### III. Recommendation

Accordingly, the Magistrate Judge **RECOMMENDS** that the Plaintiff's "Motion for Leave to Proceed *in forma pauperis*" (DE# 3) be **denied**, and that this case be **summarily dismissed**, without prejudice, and without issuance and service of process.

February 12, 2016
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

The plaintiff's attention is directed to the *Important Notice* on following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).